IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INSYS THERAPEUTICS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15- cv- 1190 |
| | § | |
| LANCE CLARK, | § | |
| Defendant. | § | |

**LANCE CLARK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Defendant Lance Clark ("Clark" or "Defendant") and for his answer to Plaintiff's Amended Complaint states as follows:

## PARTIES

1. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Amended Complaint.

2. Clark admits the allegations set forth in Paragraph 2 of the Amended Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Amended Complaint contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given.

4. Whether venue is proper is a question of law to be determined by the court and no answer is required or given to that allegation. To the extent an answer is deemed required, Clark respectfully denies the allegations in Paragraph 4 of the Amended Complaint.

## PRELIMINARY STATEMENT

5. Clark admits the allegations in Paragraph 5 of the Amended Complaint.

6. Clark admits that he was previously employed by Insys in a managerial sales position but is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 6 of the Amended Complaint.

7. Clark denies the allegations in Paragraph 7.

8. Paragraph 8 of the Amended Complaint contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

9. Clark admits that Insys terminated his employment but denies the remainder of the allegations in Paragraph 9 of the Amended Complaint.

## FACTS

10. Clark admits the allegations set forth in Paragraph 10 of the Amended Complaint.

11. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the first, third, and fourth sentences of Paragraph 11 of the Amended Complaint. Clark admits the allegations set forth in the second sentence of Paragraph 11 of the Amended Complaint.

12. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth the first sentence in Paragraph 12 of the Amended Complaint. Clark admits the allegations set forth in the second sentence in Paragraph 12 of the Amended Complaint.

13. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Clark admits that there exists a document entitled "Policy 110 (Conflict of Interest)" at Insys, the contents of which speak for itself. Otherwise, Paragraph 16 contains allegations concerning questions of law to be determined by the Court and/or Clark is without sufficient knowledge or information to form a belief as to the accuracy of the quoted language in the remainder of Paragraph 16 of the Amended Complaint.

17. Clark admits that there exists a document entitled "Policy 111 (Outside Employment)" at Insys, the contents of which speak for itself. Otherwise, Paragraph 17 contains allegations concerning questions of law to be determined by the Court and/or Clark is without sufficient knowledge or information to form a belief as to the accuracy of the quoted language in the remainder of Paragraph 17 of the Amended Complaint.

18. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Amended Complaint.

19. Clark admits there exists a document entitled Proprietary Information and Inventions Assignment Agreement at Insys, the contents of which speak for itself. Otherwise, Paragraph 19 contains allegations concerning questions of law to be determined by the Court and/or Clark is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 19 of the Amended Complaint.

20. Clark admits there exists a document entitled Insys Therapeutics Confidential Information Policy at Insys, the contents of which speak for itself. Otherwise, Paragraph 20 contains allegations concerning questions of law to be determined by the Court and/or Clark is without sufficient knowledge

or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 20 of the Amended Complaint.

21. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint.

22. Clark admits the first and fifth sentence of Paragraph 22 of the Amended Complaint. Clark denies the second sentence of Paragraph 22 of the Amended Complaint. Clark admits that as an SSP, Clark served as a sales representative of the Company responsible for promoting Subsys with the goal of establishing Insys as a market leader. Clark denies that he was responsible for selling or promoting other Insys products and otherwise is without sufficient knowledge or information to form a belief about the truth of the remainder of the allegations set forth in the second sentence of Paragraph 22 of the Amended Complaint. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the third and sixth sentences of Paragraph 22 of the Amended Complaint. The fourth sentence of Paragraph 22 of the Amended Complaint contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent an answer is deemed required, Clark respectfully denies the allegations in Paragraph 22 of the Amended Complaint.

23. Clark admits the first sentence of Paragraph 23 of the Amended Complaint. Clark admits that his principal accountabilities included recruiting and managing his district's sales force, managing his district's budget, managing his district's customer needs, and overseeing the development and management of the Company's district account relationships. Clark is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 23 of the Amended Complaint.

24. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Clark admits that on February 25, 2013 he signed a document entitled Proprietary Information and Inventions Assignment Agreement, but otherwise is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 26 of the Amended Complaint.

27. Clark admits that on February 25, 2013 he signed a document entitled Insys Therapeutics Confidential Information Policy, but otherwise is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 27 of the Amended Complaint.

28. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Amended Complaint.

29. Clark admits he was paid both a base salary and bonuses throughout his employment at Insys but otherwise is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 29 of the Amended Complaint.

30. Clark admits the allegations in Paragraph 30 of the Amended Complaint.

31. Clark admits that his employment with Insys was terminated effective March 26, 2015 but denies the remainder of the allegations in Paragraph 31 of the Amended Complaint.

32. Clark admits that during a period of time while he was employed at Insys he worked for a toxicology company that was based in Texas, but otherwise is without sufficient knowledge or

information to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Amended Complaint.

33. Clark admits that starting no later than August 2014, Clark engaged in toxicology business and during that time period was paid in excess of $220,000 in salary and quarterly bonuses from Insys, but otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Amended Complaint.

34. Clark admits the allegations set forth in Paragraph 34 of the Amended Complaint.

35. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Amended Complaint.

36. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Amended Complaint.

37. Clark denies that he pressured anyone to sell outside toxicology services and/or made any promises to sales representatives. Clark admits that he approached one or more Insys sales representatives about selling toxicology services. Clark otherwise is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 37 of the Amended Complaint.

38. Clark admits that (1) in August 2014 Clark attempted to recruit an Insys sales representative to an outside toxicology business; (2) a sales representative said words to the effect of wanting to make sure that engaging in such business would not be a conflict of interest with her employment at Insys; and (3) Clark advised the sales representative to get a separate email for the toxicology business. Clark denies that on August 14, 2014, he emailed to that Insys sales representative contracts with and other relevant information pertaining to the toxicology businesses. Clark denies making any misrepresentations to that sales representative. Clark is without sufficient knowledge or

information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 38 of the Amended Complaint.

39. Clark admits that on August 21, 2014, he sent a contract to another Insys sales representative who had agreed to participate in the toxicology business. Clark admits that in exchange for work performed by the sales representative for the toxicology business, Clark wrote a check to the sales representative in an outside company's name. Otherwise, Clark is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 39 of the Amended Complaint.

40. Clark admits that he recruited one person to train some new hires for a toxicology business, which person was for a period of time, employed by Insys as a sales representative and admits that training was held in Dallas, Texas in or about October 2014 but otherwise denies the remainder of the allegations in Paragraph 40 of the Amended Complaint.

41. Clark denies the allegations set forth in Paragraph 41 of the Amended Complaint.

42. Clark admits the first sentence of Paragraph 42 of the Amended Complaint but denies the remainder of the allegations in Paragraph 42 of the Amended Complaint.

43. Clark denies the allegations set forth in Paragraph 43 of the Amended Complaint.

44. Clark denies the allegations set forth in Paragraph 44 of the Amended Complaint.

45. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding what another employee may or may not have reported. Clark denies the remainder of the allegations set forth in Paragraph 45 of the Amended Complaint.

46. Clark denies the allegations set forth in Paragraph 46 of the Amended Complaint.

47. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Clark denies the allegations set forth in Paragraph 48 of the Amended Complaint.

49. Clark admits that his employment with Insys was terminated. Clark denies making the alleged statement in the second sentence of Paragraph 49 of the Amended Complaint. Otherwise, Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Amended Complaint.

50. Clark denies the allegations set forth in Paragraph 49 of the Amended Complaint.

**COUNT I – BREACHES OF CONTRACT**

51. Clark restates his answers to Paragraphs 1-50 as his answer to Paragraph 51.

52. Clark admits that he signed a document entitled Proprietary Information and Inventions Assignment Agreement on February 25, 2013. Whether or not that Proprietary Information and Inventions Assignment Agreement is valid and enforceable is a question of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

53. Clark admits that he signed a document entitled Insys Therapeutics Confidential Information Policy on February 25, 2013. Whether or not that Insys Therapeutics Confidential Information Policy is valid and enforceable is a question of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

54. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Amended Complaint.

55. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Amended Complaint. To the extent an answer is deemed required, Clark respectfully denies the allegations and places them at issue.

56. Clark denies the allegations set forth in Paragraph 56 of the Amended Complaint.

57. Clark denies the allegations set forth in Paragraph 57 of the Amended Complaint.

58. Clark denies the allegations set forth in Paragraph 58 of the Amended Complaint.

59. Clark denies the allegations set forth in Paragraph 59 of the Amended Complaint.

60. Clark denies the allegations set forth in Paragraph 60 of the Amended Complaint.

**COUNT 2 – TORTIOUS INTERFERENCE WITH CONTRACTS**

61. Clark restates his answers to Paragraphs 1-60 as his answer to Paragraph 61.

62. Paragraph 62 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

63. Clark is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Amended Complaint.

64. Clark denies the allegations set forth in Paragraph 64 of the Amended Complaint.

65. Clark denies the allegations set forth in Paragraph 65 of the Amended Complaint.

66. Clark denies the allegations set forth in Paragraph 66 of the Amended Complaint.

**COUNT 3 – BREACHES OF FIDUCIARY DUTY**

67. Clark restates his answers to Paragraphs 1-66 as his answer to Paragraph 67.

68. Clark denies the allegations set forth in Paragraph 68 of the Amended Complaint.

69. Paragraph 69 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

70. Paragraph 70 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

71. Clark denies the allegations set forth in Paragraph 71 of the Amended Complaint.

72. Clark denies the allegations set forth in Paragraph 72 of the Amended Complaint.

73. Clark denies the allegations set forth in Paragraph 73 of the Amended Complaint.

74. Clark denies the allegations set forth in Paragraph 74 of the Amended Complaint.

75. Clark denies the allegations set forth in Paragraph 75 of the Amended Complaint.

76. Clark denies the allegations set forth in Paragraph 76 of the Amended Complaint.

77. Clark denies the allegations set forth in Paragraph 77 of the Amended Complaint.

78. Clark denies the allegations set forth in Paragraph 78 of the Amended Complaint.

79. Clark denies the allegations set forth in Paragraph 79 of the Amended Complaint.

80. Clark denies the allegations set forth in Paragraph 80 of the Amended Complaint.

## COUNT 4 – AIDING AND ABETTING BREACHES OF FIDUCIARY DUTIES

81. Clark restates his answers to Paragraphs 1-80 as his answer to Paragraph 81.

82. Paragraph 82 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

83. Paragraph 83 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

84. Paragraph 84 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

85. Clark denies the allegations set forth in Paragraph 85 of the Amended Complaint.

86. Clark denies the allegations set forth in Paragraph 86 of the Amended Complaint.

87. Clark denies the allegations set forth in Paragraph 87 of the Amended Complaint.

88. Clark denies the allegations set forth in Paragraph 88 of the Amended Complaint.

89. Clark denies the allegations set forth in Paragraph 89 of the Amended Complaint.

**COUNT 5 – BREACH OF DUTY OF LOYALTY**

90. Clark restates his answers to Paragraphs 1-89 as his answer to Paragraph 90.

91. Paragraph 91 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

92. Paragraph 92 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

93. Paragraph 93 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

94. Paragraph 94 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

95. Clark denies the allegations set forth in Paragraph 95 of the Amended Complaint.

96. Clark denies the allegations set forth in Paragraph 96 of the Amended Complaint.

97. Clark denies the allegations set forth in Paragraph 97 of the Amended Complaint.

98. Clark denies the allegations set forth in Paragraph 98 of the Amended Complaint.

99. Clark denies the allegations set forth in Paragraph 99 of the Amended Complaint.

**COUNT 6 – AIDING AND ABETTING BREACHES OF DUTY OF LOYALTY**

100. Clark restates his answers to Paragraphs 1-99 as his answer to Paragraph 100.

101. Paragraph 101 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

102. Paragraph 102 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

103. Paragraph 103 contains allegations concerning questions of law to be determined by the Court. Therefore, no answer is required or given. To the extent the answer is deemed required, Clark respectfully denies the allegations and places them at issue.

104. Clark denies the allegations set forth in Paragraph 104 of the Amended Complaint.

105. Clark denies the allegations set forth in Paragraph 105 of the Amended Complaint.

106. Clark denies the allegations set forth in Paragraph 106 of the Amended Complaint.

107. Clark denies the allegations set forth in Paragraph 107 of the Amended Complaint.

**PRAYER**

Clark denies that Plaintiff is entitled to the relief sought in the prayer.

**AFFIRMATIVE DEFENSES**

Answering further, Clark asserts the following affirmative defenses as may be applicable at trial:

**First Defense**

1. Plaintiff's Amended Complaint fails to state a claim or cause of action against Clark upon which relief can be granted and Clark demands judgment as a matter of law.

**Second Defense**

2. Plaintiff's Amended Complaint is barred in whole or in part by the doctrine of estoppel.

**Third Defense**

3. Plaintiff's Amended Complaint is barred in whole or in part by the doctrine of waiver.

**Fourth Defense**

4. Plaintiff's Amended Complaint is barred in whole or in part by the doctrine of unclean hands.

**JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

DATED: July 16, 2015

Respectfully submitted,

*/s/ Alan S. Loewinsohn*

Alan S. Loewinsohn
Texas Bar No. 12481600
Kerry F. Schonwald
Texas Bar No. 24051301
Loewinsohn Flegle Deary, LLP
12377 Merit Drive, Suite 900
Dallas, Texas 75251
(214) 572-1700 Telephone
(214) 572-1717 Facsimile

**ATTORNEYS FOR DEFENDANT LANCE CLARK**

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2015, I electronically transmitted the attached document to the clerk of the court and all counsel of record using the ECF system for filing and service in accordance with this court's ECF order.

*/s/ Alan S. Loewinsohn*
Alan S. Loewinsohn